BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

In re Vernitron Securities    )  Docket No. 355
Litigation                    )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND
ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of four actions pending in
three districts:[1] two actions in the Central District of
California,[2] one action in the Northern District of Illinois,
and one action in the District of Connecticut.

This litigation had its genesis in administrative pro-
ceedings instituted by the Securities and Exchange Commission
(SEC) on March 20, 1978, against Bateman Eichler, Hill Richards,
Incorporated (BEHR), a stockbrokerage concern with principal
offices in Los Angeles, California; and four of its present
or former principal executive officers:  L. Steven Smith
(Smith), Willard G. DeGroot (DeGroot), Robert C. Hill (Hill),
and John D. McClure (McClure).  The SEC complaint charged
that BEHR and Smith, as manager of BEHR's institutional

---

[1] A fifth action, originally included in the motion presently
before the Panel, was terminated in the Northern District
of Illinois prior to the Panel's hearing on this matter.

[2] One of these actions was originally filed in the Northern
District of California and, subsequently, was transferred
to the Central District of California pursuant to 28 U.S.C.
§1404(a).

trading department, engaged in illegal manipulative trading
in the common stocks of Vernitron Corporation (Vernitron),
Frigitronics, Inc. (Frigitronics), Logicon, Inc. (Logicon)
and House of Vision, Inc.  Specified manipulative or otherwise
illegal acts of BEHR and Smith included: 1) placing orders
for common stock of Vernitron, Frigitronics and Logicon
without having any customer order for those purchases and
without having the intent to purchase the securities for
BEHR's institutional inventory account; 2) placing the securities
in a customer's account without the customer's authorization;
3) placing previously purchased securities in the three
companies in a customer's account at a price below the prevailing
market price if a customer gave ex post facto approval to
a purchase; 4) creating a false and misleading appearance
of active trading in the stock of the three companies by
effecting transactions in the companies' stock which involved
no change in beneficial ownership; 5) acquiring beneficial
ownership of more than five percent of the common stock
of Vernitron and Frigitronics without filing the requisite
Schedule 13D with the SEC; and 6) causing numerous improper
extensions of credit with respect to the accounts of Smith's
customers.  This conduct allegedly violated, inter alia,
§§9(a)(1), 9(a)(2) and 10(b) of the Securities Exchange
Act of 1934 (the Exchange Act) and Rule 10b-5 promulgated
thereunder; §7(c) of the Exchange Act and Regulation T

promulgated thereunder; §16(a)(1) of the Exchange Act and Rule 17a-3 promulgated thereunder; and §13(d) of the Exchange Act and Rule 13d-1 promulgated thereunder. DeGroot, Hill and McClure, as controlling officers of BEHR, were charged with failing to supervise and with aiding and abetting BEHR and Smith in their alleged violations.

The two California actions are brought, generally, as class actions on behalf of purchasers of the common stock of Vernitron from September, 1976 through July, 1977. BEHR, Smith, DeGroot, Hill and McClure are the defendants in each action. Only manipulation in the securities of Vernitron is charged in each complaint. Substantively, the allegations track the allegations in the SEC's administrative proceedings pertaining to the common stock of Vernitron. No class determination has yet been made in the California actions.

The Illinois action is brought by an individual customer of BEHR and Smith. In addition to the defendants named in the California actions, the Illinois action also names as a defendant the individual who served as BEHR's vice president and general counsel. The complaint in this action alleges violations of the federal securities laws in connection with the plaintiff's transactions in Vernitron and Frigitronics stock, and specifies instances of the general manipulative activities enumerated in the SEC's administrative proceedings.

The Connecticut action is brought against BEHR under
the federal securities laws by an individual who claims
that he was induced to purchase more shares in Vernitron
and Logicon than he originally intended to purchase as a
result of the defendant's representation that the sale of
the additional shares was an "in-and-out" sale and that
the stock in question was being transferred to the plaintiff
but had already been resold at a profit.

Defendants BEHR, DeGroot, Hill and McClure move the
Panel, pursuant to 28 U.S.C. §1407, to transfer all actions
in this litigation to the Central District of California
for coordinated or consolidated pretrial proceedings.[3/]
Plaintiffs in the two California actions join in the motion
to transfer.  Plaintiffs in the Connecticut and Illinois
actions oppose transfer.

We find that the four actions in this litigation raise
common questions of fact and that transfer under Section
1407 of the Connecticut and Illinois actions to the Central
District of California will best serve the convenience of
the parties and witnesses and promote the just and efficient
conduct of the litigation.

---

3/ Movants have also informed the Panel of three additional
actions pending in the Central District of California that
may be related to this litigation.  Because of the Panel's
disposition herein, these three actions are already pending
before the transferee court, and thus no further action
regarding these actions is necessary by the Panel.  See
Rule 10(a), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978).

Opponents to transfer contend that transfer of the
Illinois and Connecticut actions to the Central District
of California is inappropriate because: 1) the common questions
of fact among the actions at bar are not sufficiently complex
to warrant transfer; 2) most discovery in the Illinois and
Connecticut actions will be unique to each respective action;
3) any economies to be realized from transfer can be accomplished
through voluntary cooperation of counsel in the actions;
4) prosecution of the Illinois and Connecticut actions would
be delayed by, and entangled with, the purported class actions
in California, thereby subjecting the plaintiffs in the
Illinois and Connecticut actions to extreme inconveniences,
including the additional expense of obtaining Los Angeles
counsel; and 5) transfer would be inconsistent with the
policy of the federal securities laws as expressed in venue
provisions authorizing suit where defendants have transacted
business.

We find these arguments unpersuasive. The actions
in this litigation clearly involve common questions of fact
concerning defendants' allegedly manipulative conduct regarding
the stock of Vernitron, Frigitronics and/or Logicon. While
damages arising from separate individual transactions may
be sought in the Connecticut and Illinois actions, the common
factual questions are nonetheless central to all actions
in this litigation. Transfer under Section 1407 is thus
necessary to prevent duplication of discovery, eliminate

the possibility of conflicting pretrial rulings, and conserve
the efforts of the parties, the witnesses, and the judiciary.
While voluntary coordination of discovery efforts among
parties and their counsel is always commendable, transfer
of these actions to a single district under Section 1407
will ensure the streamlining of discovery and all other
pretrial proceedings as well.  See In re Ascot Oils, Inc.
Securities Litigation, 433 F.Supp. 1118, 1120 (J.P.M.L.
1977).

The concern raised by opponents to transfer over the
impact that participation in coordinated or consolidated
pretrial proceedings will have on the conduct of the Connecticut
and Illinois actions is unwarranted.  Plaintiffs in these
actions need not participate in discovery or other pretrial
proceedings unrelated to their respective actions.  See,
e.g., Manual for Complex Litigation, Parts I & II, §§2.31
(rev. ed. 1977). Also, opponents' worries about the need
to hire local counsel are misplaced, because parties to
any action transferred under Section 1407 are not required
to obtain local counsel in the district to which the action
is transferred.  See Rule 3, R.P.J.P.M.L. 78 F.R.D. 561,
563 (1978).  Furthermore, we are confident that prudent
counsel in all actions can apportion their workload and
otherwise combine forces to effectuate an overall savings
of cost and a minimum of inconvenience to all concerned
with the pretrial activities.  See Manual, supra, at Part
I, §§1.90-1.93.

The Panel's discretion under Section 1407 is not limited
by venue considerations.  In re Falstaff Brewing Corporation
Antitrust Litigation, 434 F.Supp. 1225, 1229 (J.P.M.L. 1977).
Nor can the policies behind venue provisions designed to
operate in the context of single independent actions prevail,
in a multidistrict context, over the Panel's statutory mandate
to weigh the interests of all the plaintiffs and all the
defendants and to consider multidistrict litigation as a
whole in light of the purposes of the law.  Id.  We see
no reason to accord plaintiffs in the Connecticut and Illinois
actions any special treatment where, as here, the need for
centralized pretrial proceedings has otherwise been demon-
strated.

The Central District of California is clearly the most
appropriate transferee forum for this litigation.  Many
relevant documents and witnesses will be found in Los Angeles
because BEHR's main office is there and individual defendants
reside there.  Furthermore, the two actions brought as purported
class actions are pending there, as are three additional
seemingly related actions.[4] See In re Investors Funding
Corporation of New York Securities Litigation, 437 F.Supp.
1199, 1203 (J.P.M.L. 1977).

4/ See note 3, supra.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable William Matthew Byrne, Jr. for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

SCHEDULE A                                          MDL-355

### CENTRAL DISTRICT OF CALIFORNIA

Joel Lewinson, et al. v. Bateman           Civil Action
Eichler, et al.                            No. 78-1859

Conway Smith, Jr., et al. v. Bateman       Civil Action
Eichler, et al.                            No. CV78-2640-WMB

### DISTRICT OF CONNECTICUT

Milton Schwartz v. Bateman Eichler,        Civil Action
et al.                                     No. B78-133

### NORTHERN DISTRICT OF ILLINOIS

Theodore Tannebaum v. Bateman Eichler,     Civil Action
et al.                                     No. 78-2300

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE VERNITRON SECURITIES LITIGATION )   DOCKET NO. 355
                                       )
Noland H. Schneider v. Bateman         )
Eichler, Hill Richards, Inc., et al.,  )
D. Utah, C.A. No. C-78-0331            )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A.
WEIGEL*, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER,
JUDGES OF THE PANEL.

PER CURIAM

The Panel, pursuant to 28 U.S.C. §1407, previously cen-
tralized four actions in this litigation in the Central District
of California before the Honorable William Matthew Byrne, Jr.,
for coordinated or consolidated pretrial proceedings. In re
Vernitron Securities Litigation, 442 F. Supp. 391 (J.P.M.L.
1978).

This litigation had its genesis in administrative proceed-
ings instituted by the Securities and Exchange Commission (SEC)
on March 20, 1978, against Bateman Eichler, Hill Richards,
Incorporated (BEHR), a stockbrokerage concern with principal
offices in Los Angeles, California; and four of its present or
former principal executive officers: L. Steven Smith (Smith),
Willard G. DeGroot (DeGroot), Robert C. Hill (Hill), and John
D. McClure (McClure). The SEC complaint charged that BEHR and

* Judge Weigel took no part in the decision of this matter.

Smith, as manager of BEHR's institutional trading department,
engaged in illegal  manipulative trading in the common stocks
of Vernitron Corporation (Vernitron), Frigitronics, Inc.
(Frigitronics), Logicon, Inc. (Logicon) and House of Vision,
Inc.  Specified manipulative or otherwise illegal acts of BEHR
and Smith included:  1) placing orders for common stock of
Vernitron, Frigitronics and Logicon without having any customer
order for those purchases and without having the intent to
purchase the securities for BEHR's institutional inventory
account; 2) placing the securities in a customer's account
without the customer's authorization; 3) placing previously
purchased securities in the three companies in a customer's
account at a price below the prevailing market price if a
customer gave ex post facto approval to a purchase; 4) creating
a false and misleading appearance of active trading in the stock
of the three companies by effecting transactions in the
companies' stock which involved no change in beneficial
ownership; 5) acquiring beneficial ownership of more than five
percent of the common stock of Vernitron and Frigitronics without
filing the requisite Schedule 13D with the SEC; and 6) causing
numerous improper extensions of credit with respect to the
accounts of Smith's customers.  This conduct allegedly violated,
inter alia, §§9(a)(1), 9(a)(2) and 10(b) of the Securities Ex-
change Act of 1934 (the Exchange Act) and Rule 10b-5 promulgated
thereunder; §7(c) of the Exchange Act and Regulation T promul-
gated thereunder; and §13(d) of the Exchange Act and Rule 13d-1

promulgated thereunder.  DeGroot, Hill and McClure, as con-
trolling officers of BEHR, were charged with failing to supervise
and with aiding and abetting BEHR and Smith in their alleged
violations.

Two of the actions centralized in the transferee district
by the Panel are brought as class actions against BEHR, Smith,
DeGroot, Hill and McClure.  The allegations of the complaints
track the allegations in the SEC's administrative proceedings
pertaining to the common stock of Vernitron.  The third action
in the transferee district is brought by an individual customer
of BEHR and Smith against BEHR, Smith, DeGroot, Hill, McClure,
and the individual who served as BEHR's vice president and
general counsel.  The complaint in the third action alleges
violations of the federal securities laws in connection with
the plaintiff's transactions in Vernitron and Frigitronics stock,
and specifies instances of the general manipulative activities
enumerated in the SEC's administrative proceedings.  The fourth
action in the transferee district is brought against BEHR by
an individual who claims that he was fraudulently induced to
purchase more shares in Vernitron and Logicon than he originally
intended.

In addition to the four actions centralized by the Panel,
three related actions have been filed in the transferee district
and assigned to Judge Byrne.  All three of these actions are

brought against BEHR and/or BEHR employees and involve
allegations of illegal manipulation of, and unauthorized trading
in, Frigitronics stock. The complaint in one of these actions
alleges similar illegal conduct with respect to the stock of
Vernitron, Logicon and Envirodyne, Inc. also.

The above-captioned action (Schneider) is brought against
BEHR, DeGroot, Hill and McClure in the District of Utah.   In
a multi-count complaint plaintiff charges defendants with federal
securities law, Utah securities law and common law violations
in connection with 1) Smith's sale to plaintiff of Logicon stock,
Frigitronics stock options, and House of Vision stock; and
2) Smith's alleged misrepresentations to plaintiff designed to
encourage plaintiff to retain Frigitronics common stock.
Specific instances of alleged misconduct -- e.g., BEHR and
Smith's actions designed to create misleading trading in the
stock of Frigitronics, Logicon, and House of Vision stock; BEHR
and Smith's failure to disclose beneficial ownership of more
than five percent of Frigitronics stock; their retention of
securities in plaintiff's account without his authorization;
and DeGroot, Hill and McClure's failure to supervise BEHR and
Smith -- track the allegations in the SEC's administrative pro-
ceedings.   Plaintiff also claims that defendants are responsible

for Smith's failure to disclose the risks of "down and outer" [1]
Frigitronics stock options and for Smith's oral misrepresentations made in connection with touting Frigitronics, Logicon and House of Vision stock.

Because Schneider appeared to share questions of fact with actions previously centralized in the Central District of California, the Panel, pursuant to 28 U.S.C. § 1407 and Rule 10(b), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978), issued an order to show cause why Schneider should not be transferred to the Central District of California for inclusion in the coordinated or consolidated pretrial proceedings being conducted there. All four defendants in Schneider support transfer. Plaintiff in Schneider opposes inclusion of Schneider in the Section 1407 proceedings.

We find that Schneider shares questions of fact with the actions previously transferred to the Central District of California and that transfer of Schneider to that district under Section 1407 will best serve the convenience of the parties and

---

1/  A "down and outer" option is described in the complaint as follows:

A "down and outer" call option is distinct from an ordinary call option in that the option will expire and the option holder loses the right to purchase the stock, i.e., exercise the option, at the earlier of (1) the expiration date in the contract, or (2) such time as a round lot (100 shares) sale of the underlying security takes place at or below the "expiration price" specified in the contract. The "expiration price" for a "down and outer" option is usually 10% below the "strike price" (the market price when the option is written).

witnesses and promote the just and efficient conduct of this litigation.

Plaintiff in Schneider admits that Schneider shares some factual questions with the actions in the Central District of California, but he urges the Panel to deny transfer of Schneider because 1) Schneider involves no purchases of Vernitron or Frigitronics stock; 2) the option transactions in Schneider present unique factual questions, including those arising from the use of the facilities of another brokerage house in order to effect the trades; and 3) pretrial proceedings in Schneider would be delayed and confused in the transferee district as a result of entanglement with the purported class actions pending there.

We find these arguments unpersuasive. Schneider and actions already in the transferee district share common questions of fact regarding the same claims of market manipulation and other violations of securities laws by the same defendants with respect to the same stocks -- those of Logicon and Frigitronics. Moreover, because the same allegedly illegal manipulative activity has affected the market in Frigitronics stock options as well, the common factual questions between Schneider and actions in the transferee district embrace that portion of Schneider that involves purchases of Frigitronics stock options. Transfer under Section 1407 is thus necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of

the parties, the witnesses and the judiciary.  Of course, discovery on any issues unique to Schneider may be scheduled by the transferee judge to proceed in a separate discovery schedule concurrently with discovery on common issues.  See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

Finally, as in our original opinion in this litigation, we hold that the concern over the impact that coordinated or consolidated pretrial proceedings will have on the conduct of an individual action, such as Schneider, is unwarranted.  As we noted in that opinion, plaintiffs in the actions in this docket need not participate in discovery or other pretrial proceedings unrelated to their respective actions.  In re Vernitron Securities Litigation, supra, 462 F. Supp. at 393, citing Manual for Complex Litigation, Parts I and II, §§2.31 (rev. ed. 1977).  We remain confident that prudent counsel in all actions can apportion their workload and otherwise combine forces to effectuate an overall savings of cost and a minimum of inconvenience to all concerned with the pretrial  activities. See Manual, id. at Part I, §§1.90-1.93.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action captioned Noland H. Schneider v. Bateman, Eichler, Hill Richards, Inc., et al., D. Utah, C. A. No. C-78-0331, be,

-8-

and the same hereby is, transferred to the Central District of
California and, with the consent of that court, assigned to the
Honorable William Matthew Byrne, Jr., for coordinated or con-
solidated proceedings with the actions already pending there
in MDL-355.